UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
EDGAR RAFAEL CASTILLO FRIAS,

                 Petitioner,                   **ORDER**

                 v.                          19-CV-2792 (RPK) (PK)

CRISANGEL RADHARANI PAULINO MARTINEZ,

                 Respondent.
---------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

At the pretrial conference held on June 11, 2021, petitioner requested that his witnesses be permitted to testify by video conference because they are in the Dominican Republic, and respondent does not object. Letter Regarding Virtual Witness Testimony at 1 (Dkt. #100). Respondent requests that three of her witnesses testify virtually if necessary as well. *Ibid.* Ana Gutierrez and E.N. will be in the Dominican Republic during the trial, and Pam Krasner will be in California.

The parties' requests to allow some witnesses to testify by videoconference are granted. "For good cause in compelling circumstances and with appropriate safeguards, [this Court] may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). Under Federal Rule of Civil Procedure 43(a), judges have "discretion to allow live testimony by video." *Rodriguez v. Gusman*, 974 F.3d 108, 114 (2d Cir. 2020) (quoting *Thomas v. Anderson*, 912 F.3d 971, 977 (7th Cir. 2018). The parties' requests meet both prongs of Rule 43(a). First, the distant location of these witnesses and the challenges of travel during the global COVID-19 pandemic present good cause in compelling circumstances for remote testimony. *See Eller v. Trans Union, LLC*, 739 F.3d 467, 478 (10th Cir. 2013) (collecting cases where courts let witnesses testify remotely when "far from the site of [a] trial"); *Argonaut Ins. Co.*

*v. Manetta Enters., Inc.*, No. 19-CV-00482, 2020 WL 3104033, at *1–*2 (E.D.N.Y. June 11, 2020) (finding the current pandemic good cause in compelling circumstance for remote bench trial). Second, appropriate safeguards are in place. Videoconference technology allows for live synchronized audio and visual feeds, and the risk of prejudice from remote testimony is minimal in a bench trial. *See Flores v. Town of Islip*, No. 18-CV-3549, 2020 WL 5211052, at *2 (E.D.N.Y. Sept. 1, 2020). Accordingly, Ana Gutierrez, E.N., and Pam Krasner may testify via videoconferencing software they are called as witnesses. Petitioner's two witnesses in the Dominican Republic may also testify using such software.

Respondent also submits two requests regarding her witness Cruz Bueno, who is due to give birth three days before trial. Respondent asks that Dr. Bueno be allowed to testify by videoconference and that Dr. Bueno be deposed in advance of the trial and her deposition submitted to this Court. Letter Regarding Virtual Witness Testimony at 2 (Dkt. #100). The impending birth of a child is good cause in compelling circumstances for remote testimony. *See* Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment (explaining that "illness" can support a showing of good cause and compelling circumstances). And as discussed above, videoconferencing provides appropriate safeguards. Respondent's request for Dr. Bueno to testify virtually is granted. The Court construes respondent's request to use a deposition at trial in lieu of Dr. Bueno's live testimony as falling under Federal Rule of Civil Procedure 32(a)(4)(C). At this time, respondent has not shown that Dr. Bueno cannot attend the trial or testify, Fed. R. Civ. P.

32(a)(4)(C), and so respondent's request is denied.  Respondent may renew her motion to use a deposition at trial if Dr. Bueno becomes unavailable.

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: June 28, 2021
       Brooklyn, New York